

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUSAN MARANTZ, )
)
Plaintiff, )
)
vs. ) No. 06 C 3051
)
PERMANENT MEDICAL GROUP INC. )
LONG TERM DISABILITY PLAN and )
LIFE INSURANCE COMPANY OF )
NEW YORK, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued for long-term disability benefits. The standard of review is *de novo*, which, in this court's view, is increasingly rare in this area of the law. Plans nowadays usually seek the protection of a discretionary standard. But here it is *de novo*, and that led Judge Shadur to permit plaintiff to take some depositions. Defendant now moves for reconsideration, contending that discovery is warranted only if plaintiff makes a showing that the decision may be tainted, and she has not made such a showing here. The motion is denied.

The arguments of the parties rest on three cases: <u>Casey v. Uddeholm Corp.</u>, 32 F.3d 1094 (7th Cir. 1994); <u>Perlman v. Swiss Bank Comprehensive Disability Protection Plan</u>, 195 F.3d 975 (7th Cir, 1999) and <u>Semien v. Life Insurance Co. of North America</u>, 436 F.3d 805 (7th Cir. 2006). And they do not provide a clear answer. <u>Casey</u> involved *de novo* review and permitted discovery beyond the administrative record, although it may have been appropriate only if necessary for adequate judicial review (and in what circumstances a court might consider discovery necessary is open to varying interpretations). <u>Perlman</u> is somewhat more

restrictive, but there the standard of review was deferential. In dictum, the court noted that discovery was allowed in *de novo* cases, unless there could be no doubt the application was given a genuine evaluation. Semien makes clear that there has to be a *prima facie* showing of bias or conflict of interest to justify going beyond the administrative record, but the court was careful to confine its holding to cases providing only deferential review.

We think, in balance, that discovery in a *de novo* review case is a discretionary call, with the court deciding whether some discovery might be helpful to the court (and with a recognition that it is difficult to show any taint without some disclosure). At least one district court has held as much. *See* Burns v. Am. United Life Ins. Co., 2006 WL 1004884 (S.D.Ill. Apr. 17, 2006). Judge Shadur heard the parties; he exercised his discretion. This court sees no reason to disturb it.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov 29, 2006.